IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CALIXTO MARGO | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | §    CIVIL ACTION _____ |
| | § |
| ASI LLOYDS and JUAN BUENDIA, | § |
| | § |
| Defendants. | § |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

ASI Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1. On or about January 7, 2016, Plaintiff filed Plaintiff's Original petition in the matter styled *Calixto Margo vs. ASI Lloyds and Juan Buendia*; Cause No. C-0100-16-J; In the 430th Judicial District Court, Hidalgo County, Texas. ASI Lloyds' registered agent received the citation and petition on February 5, 2016. Defendant ASI Lloyds files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

2. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Hidalgo County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Defendants' Original Answer*. Attached hereto as Exhibit "C" is the Designation of Counsel.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1) in that there is complete diversity of citizenship.

4. Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's Original Petition.

5. Defendant, ASI Lloyds, was, and at the date of this Notice remains, an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker. Each of these underwriters is a citizen of the State of Florida "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined…solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes). Accordingly, ASI Lloyds is not a citizen of the State of Texas.

6. Moreover, with respect to the claims against Juan Buendia, it is ASI Lloyds' position that he has been fraudulently joined in this action. Plaintiff's pleadings include a cause of action for Juan Buendia breaching the duty of good faith and fair dealing, which is not a duty owed to the insured by an adjuster. *See Aguilar v. State Farm Lloyds*, 2015 WL 5714654 (N.D.Tex. – Ft. Worth, Sept. 28, 2015). In *Aguilar v. State Farm Lloyds*, a case similar to this one, the insured was dissatisfied with the adjustment of their claim for

       wind and hail damage and filed a lawsuit in state court against State Farm and the adjuster alleging fraud, conspiracy, and violations of the Texas Insurance Code. Defendant State Farm removed the lawsuit to federal court asserting the adjuster was improperly joined and the insured then sought to have the case remanded. The federal court noted that adjusters have no contractual relationship with the insured and do not owe a common law duty of good faith and fair dealing. Further, any cause of action under the Texas Insurance Code must be based on an act prohibited by statute and not simply based on the insurer's denial of coverage. The remand was denied.

10. The amount alleged to be in controversy greatly exceeds $75,000. Plaintiff's Original Petition clearly states that Plaintiff seeks damages of "over $100,000 but not more than $200,000." *See* Plaintiff's Original Petition. This evidence clearly demonstrates that the amount in controversy in this case exceeds the amount required to support federal jurisdiction.

### *The Removal is Procedurally Correct*

11. ASI Lloyds was first served with the petition on February 5, 2016. ASI Lloyds filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claim allegedly occurred in this district.

13. Pursuant to 28 U.S.C. §1446 (a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

14. Pursuant to 28 U.S.C. §1446(d), promptly after ASI Lloyds files this Notice, written

notice of the filing will be given to Plaintiffs, the adverse party.

15. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Hidalgo County, promptly after ASI Lloyds files this Notice.

> Respectfully submitted,
>
> BROCK PERSON GUERRA REYNA, P.C.
> 17339 Redland Road
> San Antonio, Texas  78247-2304
> (210) 979-0100
> (210) 979-7810 (FAX)
>
> BY:       //s// Michael I. Ramirez
> MICHAEL I. RAMIREZ
> State Bar No. 24008604
> Email: mramirez@bpgrlaw.com
> LESLIE A. LEWIS
> State Bar No. 24073768
> Email: lalewis@bpgrlaw.com
>
> ATTORNEYS FOR DEFENDANT
> **ASI LLOYDS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with Federal Rule of Civil Procedure 5(b) on this 4th day of March 2016, to:

| | |
|---|---|
| Jessica Taylor | Fax No. 210/402-1255 |
| Michelle R. Casillas | or Email: Jessica@jtaylorlaw.com and |
| The Law Office of Jessica Taylor | michelle@itaylorlaw.com |
| 14100 San Pedro, Suite 602 | |
| San Antonio, Texas  78232 | |

> /s/ Michael I. Ramirez
> MICHAEL I. RAMIREZ
> LESLIE A. LEWIS