# EXHIBIT B

Electronically Filed
1/13/2016 3:31:14 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena



THE LAW OFFICE OF
JESSICA TAYLOR
PROFESSIONAL LLC

Tencha Vasquez
tencha@jtaylorlaw.com

**E-FILING**

January 13, 2015

Hidalgo County District Clerk
Attn:

Re:  C-0100-16-J   Calixto Margo v. ASI Lloyds

Dear Clerk:

I am requesting service by certified mail.  Also paying for the extra copies of the citations.   Thank you so much for your prompt attention.

Sincerely,

*Hortencia G Vasquez*

Hortencia G. Vasquez

Electronically Filed
3/1/2016 1:52:30 PM
Hidalgo County District Clerk
Reviewed By: Heather Riojas

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents needing to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal , please close the window until the document is processed accordingly. This may take a few minutes.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

P.O. BOX 87 EDINBURG, TEXAS 78540    districtclerk@co.hidalgo.tx.us    OFFICE (956) 318-2200  FAX (956) 318-2251

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

**C-0100-16-J**
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

---

**CITATION**

---

**THE STATE TEXAS**

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**ASI LLOYDS**
**BY SERVING REGISTERED AGENT:**
**RODNEY D. BUCKER**
**700 NORTH PEARL ST., 25TH FLOOR**
**DALLAS, TEXAS 75201-2825**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 430th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 7th day of January, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being, **C-0100-16-J, CALIXTO MARGO  VS.  ASI LLOYDS AND JUAN BUENDIA**

Said Petition was filed in said court by JESSICA TAYLOR, 14100 SAN PEDRO, SUITE 602, SAN ANTONIO, TEXAS 78232 .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 29th day of January, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**HEATHER RIOJAS DEPUTY CLERK**

**CERTIFIED MAIL 9214 8901 0661 5400 0078 7317 34**

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 29th day of January, 2016 I, Heather Riojas, Deputy Clerk of the 430th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-0100-16-J, CALIXTO MARGO   VS.   ASI Lloyds and JUAN BUENDIA a copy of the citation along with a copy of the petition by certified mail return receipt requested.   Return receipt was returned on the _____ day of _____, 201___   (or   unserved   for   the   reason   on   the   certificate   return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 29th day of January, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**HEATHER RIOJAS, DEPUTY CLERK**


## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My   name   is   _____,   my   date   of   birth   is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-0100-16-J**
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

---

**CITATION**

---

**THE STATE TEXAS**

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**JUAN BUENDIA**
**2001 BASS BLVD**
**UNIT E2**
**HARLINGEN TX  78552-6727**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 430th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 7th day of January, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being, **C-0100-16-J, CALIXTO MARGO  VS.  ASI LLOYDS AND JUAN BUENDIA**

Said Petition was filed in said court by JESSICA TAYLOR, 14100 SAN PEDRO, SUITE 602, SAN ANTONIO, TEXAS 78232 .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 29th day of January, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**HEATHER RIOJAS DEPUTY CLERK**

**CERTIFIED MAIL** 9214 8901 0661 5400 0078 7323 73

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 29th day of January, 2016 I, Heather Riojas, Deputy Clerk of the 430th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-0100-16-J, CALIXTO MARGO    VS.    ASI Lloyds and JUAN BUENDIA a copy of the citation along with a copy of the petition by certified mail return receipt requested.   Return receipt was returned on the _____ day of _____, 201___   (or   unserved   for   the   reason   on   the   certificate   return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 29th day of January, 2016.


**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**HEATHER RIOJAS, DEPUTY CLERK**


### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.   If the return is signed by a person other than a sheriff, constable or clerk of the court, the return must either be verified or be signed under the penalty of perjury.   A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My   name   is   _____,   my   date   of   birth   is _____   and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
4/7/2016 3:42:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. __C-0100-16-J__

| | | |
|---|---|---|
| CALIXTO MARGO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ____ JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS and JUAN BUENDIA, | § | |
| | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, Calixto Margo, files this Original Petition and Request for Disclosure against Defendants, ASI Lloyds and Juan Buendia, and alleges as follows:

### A. DISCOVERY-CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure. This case involves complex issues and will require extensive recovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit. Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### B. RELIEF

2.      Plaintiff seeks monetary relief over $100,000 but not more than $200,000. Tex. R. Civ. P. 47(c).

### C. PARTIES

3.      Plaintiff, Calixto Margo, is an individual who resides in Hidalgo County, Texas.

Electronically Filed
3/3/2016 3:42:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

4.      Defendant, ASI Lloyds, is a Texas domestic Lloyd's plan insurance that, on information and belief, is licensed to conduct the business of insurance in Texas or has its principal place of business located in Texas. Additionally, one or more of ASI Lloyds' members are citizens of Texas.  It can be served with citation by serving its registered agent for service of process, Rodney D. Bucker, by certified mail, return receipt requested, at 700 North Pearl St., 25th Floor, Dallas, Texas 75201-2825.

5.      Defendant, Juan Buendia, is an individual who resides in and is a citizen of Texas. He may be served with citation by certified mail, return receipt requested, at 2001 Bass Blvd. Unit E2, Harlingen, TX 78552-6727.

### D. JURISDICTION

6.      The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### E. VENUE

7.      Venue is mandatory and proper in this district because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County and the insured property that is the basis of this lawsuit is also located in that county.

### F. CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

### G. FACTUAL BACKGROUND

9.      Plaintiff timely paid his insurance premiums and is the holder of insurance policy number TXL81372 issued by the Defendant ASI Lloyds.

10.      Plaintiff owned the insured property, which is located at 811 Bowie St.,

Electronically Filed
3/7/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Weslaco, Texas on April 20, 2012.

11.     Defendant ASI Lloyds or its agent sold the policy insuring the property to Plaintiff.

12.     On or about April 20, 2012, a severe wind and hailstorm struck the Weslaco, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's home.

13.     In the aftermath of the storm, on or about May 19, 2014, Plaintiff submitted a claim to ASI Lloyds under the policy for roof damage and water damage the home sustained as a result of the hail and wind. Plaintiff asked that ASI Lloyds cover the cost of repairs to the property pursuant to the policy and any other available coverage under the policy.

14.     ASI Lloyds assigned claim number 266523-144402-053844 to Plaintiff's claim and hired and/or assigned Buendia to adjust the claim.  Buendia was the agent for ASI Lloyds and represented ASI Lloyds in regard to Plaintiff's claim. Buendia also adjusted Plaintiff's claim by investigating, processing, evaluating, approving and/or denying, in whole or in part, Plaintiff's claim. As such, Buendia acted as an insurance adjuster engaged in the business of insurance with respect to Plaintiff's insurance claim. Therefore, Buendia, is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.

15.     Buendia improperly adjusted Plaintiff's claim. Buendia conducted a substandard inspection, which is evidenced in his report, which failed to include many of

Electronically Filed
9/7/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Plaintiff's damages[1]. Buendia's estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Buendia misrepresented the cause of, scope of and cost to repair the damage to Plaintiff's property, as well as the amount of and insurance coverage for Plaintiff's claim under Plaintiff's policy. Buendia made these and other representations to Plaintiff as well as to ASI Lloyds. Plaintiff and ASI Lloyds both relied on Buendia's misrepresentations, including but not limited to those regarding the cause of, scope of and cost to repair the damage to Plaintiff's property, and Plaintiff has been damaged as a result of that reliance. Buendia's misrepresentations caused ASI Lloyds to underpay Plaintiff on his insurance claim and, as a result, Plaintiff has not been able to properly and completely repair the damage to his property. This has caused additional, further damage to the property. Buendia also advised Plaintiff as to how he could repair his property so as to prevent further damage to the property. This advice was negligent and false because Plaintiff could not properly repair his property by following Buendia's advice. Plaintiff's property has sustained further damages as a result.

16.     Defendants misrepresented that the damages to the home as a result of the hail and windstorm were only $2,026.77. However, Defendants' misrepresentations were false because Plaintiff's damages exceed $33,847.60.

17.     ASI Lloyds and Buendia failed to properly adjust the claim and denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for the type of losses suffered by Plaintiff.

18.     These false representations allowed Defendants to gain financially by

---

[1] Buendia's Adjustment Report is attached as Exhibit A.

Electronically Filed
3/1/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

wrongfully denying at least a portion of Plaintiff's claim.

19.     Plaintiff's claim remains unpaid and Plaintiff has not been able to properly repair the home.

20.     Defendants failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, Defendants failed and refused to pay the full proceeds of the policy although a demand was made for proceeds to be paid in an amount sufficient to repair the damaged property and all conditions precedent to recovery upon the policy had been carried out by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract between Defendants and Plaintiff.

21.     Defendants misrepresented to Plaintiff that some of the damage to the home was not covered under the policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

22.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its litigation to Plaintiff under the policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(2)(A).

23.     Defendants failed to explain to Plaintiff why it offered an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements would be forthcoming to pay for the entire loss covered under the policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Tex. Ins. Code Section 541.060(a)(3).

Electronically Filed
3/1/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0100-16-J**

24.      Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the entire claim in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code 541.060(a)(4).

25.      Defendants refused to fully compensate Plaintiff under the terms of the policy even though they failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the home. Defendant's conduct constitutes a violation of the Texas Insurance Code. Tex. Ins. Code 541.060(a)(7).

26.      Defendants failed to meets its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

27.      Defendants failed to accept or deny Plaintiff's entire claim within the statutorily mandated deadline of receiving all necessary information. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

28.      Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of a claim without delay. Specifically, Defendants has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received

**C-0100-16-J**

full payment for his claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

29.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Defendants has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff in this case.

## H. CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST ASI LLOYDS

31.     Plaintiff incorporates paragraphs 1-30 as if fully set forth herein.

32.     According to the insurance policy that Plaintiff purchased, ASI Lloyds has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the storm, both of which are covered perils under the policy, Plaintiff's property has been damaged.

33.     ASI Lloyds's failure and refusal to pay adequate compensation as it is obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of ASI Lloyds's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered damages as are described in this petition.

Electronically Filed
3/7/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT AGAINST ASI LLOYDS AND BUENDIA

34.     Plaintiff incorporates paragraphs 1-33 as if fully set forth herein.

35.     Defendants' acts, omissions, failures and conduct violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements or forms that it reasonably believed at that time would be required from Plaintiff for his claim. As a result, Defendants has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim.

36.     Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, then Defendants have automatically violated Section 542 in this case.

## VIOLATIONS OF THE DTPA AGAINST ASI LLOYDS AND BUENDIA

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38.     Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.

39.     Specifically, Defendants' violations of the DTPA include, without limitations, the following matters: By its acts, omissions failures, and conduct, Defendants have violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Defendants' violations include, without limitation, (1) its unreasonably delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff

Electronically Filed
3/7/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0100-16-J**

the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46(b)(2).

40.     Plaintiff is entitled to recover under Section 17.46(b)(5) of the DTPA because Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have.

41.     Plaintiff is entitled to recover under Section 17.46(b)(7) of the DTPA because Defendants represented that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another.

42.     Plaintiff is entitled to recover under Section 17.46(b)(9) of the DTPA because Defendants advertised its insurance policy and adjusting and investigative services with the intent not to sell them as advertised.

43.     Plaintiff is entitled to recover under Section 17.46(b)(12) of the DTPA because Defendants represented to Plaintiff that its insurance policy and its adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have.

44.     Plaintiff is entitled to recover under Section 17.46(b)(24) of the DTPA because Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.

Electronically Filed
3/7/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

45.     Plaintiff is entitled to recover under Section 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA because Defendants has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy.

46.     Plaintiff is entitled to recover under Section 17.50(a)(3) of the DTPA because Defendants' actions are unconscionable in that it took advance of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree.

47.     Plaintiff is entitled to recover under Section 17.50(a)(4) of the DTPA because Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance.

48.     All of the above-described acts, omissions and failure of Defendants are a producing cause of Plaintiff's damages as described in the petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### VIOLATIONS OF SECTION 541 OF THE TEXAS INSURANCE CODE AGAINST ASI LLOYDS AND BUENDIA

49.     Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

50.     Plaintiff has satisfied all conditions precedent to bring this cause of action.

51.     By its acts, omissions, failures and conduct, Defendants has engaged in unfair and deceptive acts or practices in the business of insurance in violation of section 541 of the Texas Insurance Code. Such violations include, without limitation all the conduct described in this petition, plus Defendants' unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt.

Case 5:16-cv-00061   Document 1-2   Filed in TXSD on 03/04/16   Page 18 of 28

Electronically Filed
3/7/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0100-16-J**

Specifically, as described in Plaintiff's factual allegations, Defendants are guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading and deceptive acts or practices in the business of insurance;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims submitted for which liability became reasonably clear'

    e.    Failing to affirm or deny coverage of Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

    f.    Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of Plaintiff's claim or the offer of settlement.

52.    Defendants also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

53.    Plaintiff's damages resulted from Defendants' conduct.

54.    Defendants' acts, omissions, and failures were done knowingly as that term is described in the Texas Insurance Code.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST ASI LLOYDS AND BUENDIA

55.    Plaintiff incorporates paragraphs 1-54 as if fully set forth herein.

56.    By its acts, omissions, failure and conduct, Defendants have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on

Case 5:16-cv-00061   Document 1-2   Filed in TXSD on 03/04/16   Page 19 of 28

C-0100-16-J

Electronically Filed
3/7/2016 3:42:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial.

57.     Defendants has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear the claim was covered. These acts, omissions, failures and conduct of Defendants are a proximate cause of Plaintiff's damages.

## CONSPIRACY AGAINST ASI LLOYDS AND BUENDIA

58.     Plaintiff incorporates paragraphs 1-57 as if fully set forth herein.

59.      Defendants were members of a combination of two persons, the object of which was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means, including but not limited to, violating the DTPA, violating Sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing. The Defendants had a meeting of the minds on the object or course of action. Further, one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive Plaintiff of the benefit and coverage of the policy that he purchased. Plaintiff suffered injury as a proximate result of the wrongful acts or omissions.

Electronically Filed
3/1/2016 3:42:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0100-16-J**

60.     The conspiratorial acts committed by Defendants were committed with gross negligence, fraud, or malice, as those terms are defined in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants.

## NEGLIGENCE AND GROSS NEGLIGENCE AGAINST BUENDIA

61.     Plaintiff incorporates paragraphs 1-60 as if fully set forth herein.

62.     Buendia was negligent in giving advice to Plaintiff as to how he could repair his property so as to prevent further damage to the property. This advice as to how to repair Plaintiff's property was negligent because Plaintiff could not properly repair his property and prevent further damage by following Buendia's advice. Plaintiff's property has sustained further damage as a result. Buendia owed a duty to use reasonable care when he undertook to advise the Plaintiff as to how he could repair his property so as to prevent further damage to the property. Buendia breached this legal duty. The breach proximately caused Plaintiff's damages.

63.     The acts and failures to act were committed with gross negligence, as the term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code, which justifies the imposition of exemplary damages against Buendia.

## NEGLIGENT MISREPRESENTATION AGAINST BUENDIA

64.     Plaintiff incorporates paragraphs 1-63 as if fully set forth herein.

65.     Buendia made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which he had an interest. Buendia supplied false information for the guidance of others, including Plaintiff. Buendia did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably

Electronically Filed
5/7/2010 3:42:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0100-16-J**

relied on upon Buendia's representations and Buendia's representations proximately caused further damages to Plaintiff's property.

66.    The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, so as to justify the imposition of punitive damages against Buendia.

## I. WAIVER AND ESTOPPEL

67.    Defendants has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## J. DAMAGES

68.    The above-described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus pre-judgment interest and attorney's fees.

## K.    ADDITIONAL DAMAGES

69.    Defendants has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled

Electronically Filed
3/1/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0100-16-J**

to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to additional damages authorized by Section 541 of the Texas Insurance Code.

## L.     EXEMPLARY DAMAGES

70.     Defendants' breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct that the State of Texas protects in citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## M.     ATTORNEY'S FEES

71.     As a result of Defendants' conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## N.     JURY DEMAND

72.     Plaintiff asserts his right to a trial by jury, under Texas Constitution Article I, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00 as required by Texas Government Code Section 51.604.

Case 5:16-cv-00061   Document 1-2   Filed in TXSD on 03/04/16   Page 23 of 28

**C-0100-16-J**

Electronically Filed
4/7/2016 3:43:02 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## O.    REQUEST FOR DISCLOSURE

73.    Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## P.    PRAYER

Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, that Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.


Respectfully Submitted,

**THE LAW OFFICE OF JESSICA TAYLOR**
14100 San Pedro, Suite 602
San Antonio, Texas 78232
(210) 402-4022 (Telephone)
(210) 402-1225 (Fax)

By:  _____*/s/ Jessica Taylor*_____
      JESSICA TAYLOR
      Texas State Bar No. 24013546
      jessica@jtaylorlaw.com
      MICHELLE R. CASILLAS
      Texas State Bar No. 24064774
      michelle@jtaylorlaw.com

**ATTORNEYS FOR PLAINTIFF**

022316   MIR:lea: 5770-073 ANS AND JD

Electronically Filed
9/26/2016 4:45:24 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

CAUSE NO. C-0100-16-J

| | | |
|---|---|---|
| CALIXTO MARGO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 430TH JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS and JUAN BUENDIA | § | |
| | § | |
| Defendants. | § | HIDALGO COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **ASI LLOYDS and JUAN BUENDIA,** Defendants in the above-entitled and numbered cause, and file this ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants enters a general denial and demand that Plaintiff prove Plaintiff's allegations by a preponderance of the evidence.

### AFFIRMATIVE DEFENSES

Pleading further if same be necessary, Defendants did not commit a breach or a violation of any legal principal centering on the insurance relationship, and Defendants have not been unreasonable in Defendants' handling of the referenced property damage claim, in that Defendants have, and continue to have a reasonable basis for disputing the Plaintiff's purported claim because:   1) Plaintiff has failed and continues to fail to honor his contractual obligations outlined in the controlling insuring agreement; and, 2) a bona fide dispute currently exists as to the nature, extent, and causation of the damages alleged by Plaintiff.

022316 MIR:lea: 5770-073 ANS AND JD

Electronically Filed
2/26/2016 4:45:24 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

Pleading further if same be necessary, Defendants asserts the defense of Plaintiff's failure to perform all conditions precedent to applicable coverage under the policy in that Plaintiff has failed to comply, and continues to fail to comply with the applicable after loss duties detailed in the controlling insuring agreement.

Pleading further if same be necessary, even if Plaintiff proves the allegations in Plaintiff's lawsuit, Defendants are not liable for the damages sought therein because Plaintiff failed to mitigate Plaintiff's damages.

Pleading further if same be necessary, even if Plaintiff proves the allegations in Plaintiff's lawsuit, Defendants are not liable for the damages sought therein because most, if not all of the damages complained of exist as a result of concurrent causation for which Defendant ASI LLOYDS affords no coverage.

Plaintiff's claims are barred, in whole or in part, because Defendant ASI LLOYDS has made payment to the Plaintiff for all amounts due under the agreement upon which Plaintiff sues, and said payments were accepted by Plaintiff as full and final satisfaction of any agreement between the parties.

## PRAYER

WHEREFORE, Defendants **ASI LLOYDS and JUAN BUENDIA** pray that Plaintiff recover nothing from them by way of this suit; that Defendants recover costs of court, and for such other and further relief, both at law and in equity, to which these Defendants may be justly entitled.

022316 MIR:lea: 5770-073 ANS AND JD

Electronically Filed
2/26/2016 4:45:24 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas    78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY: _____
      MICHAEL I. RAMIREZ
      State Bar No. 24008604
      Email: mramirez@bpgrlaw.com
      LESLIE A. LEWIS
      State Bar No. 24073768
      Email: lalewis@bpgrlaw.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 26th day of February, 2016, to:

Jessica Taylor
Michelle R. Casillas
The Law Office of Jessica Taylor
14100 San Pedro, Suite 602
San Antonio, Texas    78232

Fax No. 210/402-1255
or Email: Jessica@jtaylorlaw.com and
michelle@itaylorlaw.com

_____
MICHAEL I. RAMIREZ
LESLIE A. LEWIS

022316   MIR:lea: 5770-073 ANS AND JD

Electronically Filed
3/26/2016 4:45:24 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

CAUSE NO. C-0100-16-J

| | | |
|---|---|---|
| CALIXTO MARGO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 430TH JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS and JUAN BUENDIA | § | |
| | § | |
| Defendants. | § | HIDALGO COUNTY, TEXAS |

## DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **ASI LLOYDS and JUAN BUENDIA,** Defendants in the above-entitled

and numbered cause, and make this DEMAND FOR JURY TRIAL.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas    78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY:_____
     MICHAEL I. RAMIREZ
     State Bar No. 24008604
     Email: mramirez@bpgrlaw.com
     LESLIE A. LEWIS
     State Bar No. 24073768
     Email: lalewis@bpgrlaw.com

ATTORNEYS FOR DEFENDANTS

Electronically Filed
2/26/2016 4:45:24 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

022316  MIR:lea: 5770-073 ANS AND JD

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this _26th_ day of _February_ 2016, to:

Jessica Taylor
Michelle R. Casillas
The Law Office of Jessica Taylor
14100 San Pedro, Suite 602
San Antonio, Texas   78232

Fax No. 210/402-1255
or Email: Jessica@jtaylorlaw.com and
michelle@itaylorlaw.com

_____
MICHAEL I. RAMIREZ
LESLIE A. LEWIS