United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CALIXTO MARGO, § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 5:16-CV-61 |
| § | |
| ASI LLOYDS, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

This action was removed from the 430th District Court of Hidalgo County, Texas, pursuant to 28 U.S.C. § 1446. (Dkt. No. 1). A defendant who wants to remove a civil action from a state court to a federal district court must "file in the district court of the United States for the district and *division* within which such action is pending a notice of removal." 28 U.S.C. § 1446(a). While the parties have not raised this issue, it is clear that this case should have been removed to the McAllen Division of the Southern District of Texas, not to the Laredo Division. 28 U.S.C. § 124(b)(7) ("The McAllen Division comprises the counties of Hidalgo and Starr.").

Removal to the wrong division is a procedural defect, not a jurisdictional one. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Moreover, in cases such as this one, involving a pending motion to remand, some courts have declined to transfer to the appropriate division and remanded to state court after determining that they lack subject matter jurisdiction. *See, e.g., Johnson v. Ara Grp., Inc.*, No. CIV. A. H-94-2673, 1994 WL 903005, at *4–6 (S.D.

Tex. Nov. 2, 1994) (Lake, J.); *Nichols Ford, Inc. v. CarMax Auto Superstores, Inc.*, No. CIV.A.3:98-CV-1405-G, 1998 WL 873002, at *1 n.4 (N.D. Tex. Dec. 1, 1998) (Fish, J.).

Here, remand depends on whether Defendant Buendia was improperly joined. To that end, Plaintiff argues that Defendant ASI Lloyds cannot meet their burden to prove improper joinder because "Plaintiff has pled at least one valid cause of action against Buendia—namely, violations of the Texas Insurance Code." (Dkt. No. 2 at 1). The Court has reviewed Plaintiff's Original Petition (Dkt. No. 1-2 at 8–23) in light of the relevant case law, and it appears that district courts applying the federal pleading standard[1] are split on whether similar allegations against insurance adjusters are sufficient to state a valid claim.[2]

Because this action was removed to the wrong division, and the Court believes the improper joinder determination should rest in the sound discretion of a district judge in the McAllen Division, this case is hereby **TRANSFERRED** to the McAllen Division. *See Kreimerman*, 22 F.3d at 645. ("The district court thus should

---

[1] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (holding that courts must apply the federal pleading standard in examining the sufficiency of a plaintiff's state court petition for improper joinder); *see also Mastronardi v. Wells Fargo Bank, et al.*, No. 15-11028, 2016 WL 3549007, at *1 (5th Cir. June 29, 2016) (per curiam) (noting the revised Texas standard under Texas Rule of Civil Procedure 91a now tracks the federal standard).

[2] *E.g., Johnson v. The Travelers Home & Marine Ins. Co.*, No. CV H-16-449, 2016 WL 4061146, at *3–4 (S.D. Tex. July 29, 2016) (Miller, J.) (denying remand after finding that the adjuster was improperly joined because plaintiff did not establish a reasonable basis for recovery under the Texas Insurance Code); *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3–5 (S.D. Tex. July 11, 2016) (Hanks, J.) (addressing why plaintiff's allegations against the adjuster under the Deceptive Trade Practices Act and the Texas Insurance Code fail and thus finding improper joinder); *Robinson v. Allstate Texas Lloyds*, No. CV H-16-1569, 2016 WL 3745962, at *2–3 (S.D. Tex. July 13, 2016) (Atlas, J.) (remanding the case after finding that plaintiff's allegations against the adjuster provided a reasonable basis to predict possible recovery under Texas Insurance Code).

have transferred the case to the [proper] division under the authority of 28 U.S.C. § 1406(a), which—in the interest of justice—allows a case to be transferred 'to any district or division in which it could have been brought.'").

It is so **ORDERED**.

**SIGNED** August 12, 2016.

                                      Marina Garcia Marmolejo
                                      United States District Judge